**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br>v.<br>Oliver Lawrence Varela | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: CR-18-1594-PHX-DLR |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case. Defendant has not rebutted the presumption on danger.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☒     (1) There is probable cause to believe that the defendant has committed

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☒ an offense involving a minor victim prescribed in <u>18 USC Section 2251 and two offenses prescribed in 18 USC Section 2252(a)(2)</u>.

☒     (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternative Findings

☒     (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒     (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐     (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

# PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒ (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

<u>Defendant is 25 years old; his history with child pornography involving children being raped, tortured, and beaten, goes back to 2014. Defendant used multiple cell phones, one installed with Tor, as well as dropbox accounts to store child pornography. Defendant's gmail account was frozen for child pornography, but Defendant thereafter used other emails for child pornography. Defendant's proficiency with mobile devices is high. Defendant's claim that his photography of a two year old's genital area was accidental is belied from the circumstances and the description of the photographs as described by the Government in proffer. Defendant used the internet to find the two year old's mother and was in a sexual relationship with her, which is how he had access to the two year old child to photograph. The two year old victim's mother is in agreement with the prosecution of Defendant. Defendant made statements that his preferred age for the pornography was birth plus and that he enjoyed child pornography where children are hurt (beaten and/or tortured in addition to sexually assaulted). Defendant described to law enforcement one of his cell phones and the location of such at his parents' home, but the phone was not where he described despite evidence that a phone had been at that location. The phone has not been recovered. Defendant made incriminating admissions regarding the charges against him. Defendant reported hand to genital contact with his hand on the two year old's genitals and the two year old's hand on his penis, and the Court finds Defendant's explanations of such not to be credible. Child pornography found in Defendant's accounts included pornography with male and female young children. Even on most restrictive conditions (electronic monitoring and home detention), the circumstances of the case and Defendant's characteristics make Defendant a danger in any public bathroom, including a doctor's office and in the courthouse. The proposed residence of Defendant's parents is one quarter mile from a school.</u>

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

☐ The defendant has no significant contacts in the District of Arizona.

☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☐ The defendant has a prior criminal history.

☐ There is a record of prior failure to appear in court as ordered.

☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☒ The defendant is facing a minimum mandatory of <u>15 years</u> incarceration and a maximum of <u>90 years</u>.

☒ <u>Defendant reported to Pretrial Services that he often has suicidal ideations and is depressed. Defendant's parents reported that they are unaware of any mental health issues of Defendant</u>

☒ The defendant does not dispute the information contained in the Pretrial Services Report, except:

<u>Regarding his mental health. Defendant states he was temporarily and momentarily depressed because of the charges and his family finding out about such. Defendant's family is in agreement that Defendant is not depressed.</u>

☒ In addition:

<u>The Court is concerned about Defendant's suicide risk and there is no condition that can be set to reasonably assure Defendant will not commit suicide while on even the most restrictive (home detention/electronic monitoring) release conditions.</u>

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District

Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 26th day of March, 2019.

_____
Honorable Deborah M. Fine
United States Magistrate Judge